Francisco Larrazabal, Appellant, *v.* Registrar of Property of San Juan, Respondent.

No. 719. Submitted April 30, 1928.—Decided June 13, 1928.

*Eduardo López Tizol* for the appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On presentation in the registry of property of a deed to property sold publicly by virtue of certain actions of debt brought by Francisco Larrazábal in a municipal court against Abelardo Hernández the registrar recorded it "as to the interests which Abelardo Hernández may have in the condominiums of 10.87 acres and 8.16 acres which he purchased from Domingo Betancourt and Inocencia Mangual," and refused to record it "as to any share, right, title and interest in those condominiums that may belong to Juana Alejandrina Díaz, former wife of Hernández, who does not appear to have been defeated in any of the actions brought against Hernández, and there being no showing of the origin of the debt . . ." The registrar also noted "the curable defect of the omission to show how the defendant had been summoned."

Larrazábal took the present administrative appeal from that decision.

In his brief the registrar contends that it appears from the registry "that the appellant acquired two condominiums in a certain property which defendant Abelardo Hernández had purchased, one while married to Juana Alejandrina Díaz and the other while married to Carmen Díaz."

This being so and the complaints not showing the origin of the claim in order to determine whether or not it was a charge against either of the conjugal partnerships, the decision of the registrar is in accordance with the facts and the law.

Hernández might have contracted the three obligations sued on in the three actions while single, or while a widower, or while divorced from his first wife. In such a case the wife should be made a party, or her heirs, if she had died.

It is true that all property acquired for valuable consideration during wedlock is presumed to be community property, as alleged by the appellant, and that as the husband is the manager of the conjugal partnership, all suits should

be brought against him; but it is also true that debts contracted by the husband prior to the marriage or after its dissolution are not charges against the conjugal partnership.

This Supreme Court in the case of *Hernández Mena* v. *Registrar of Mayagüez*, 22 P.R.R. 599, through Mr. Justice Aldrey, said: "The fact that a judgment is rendered against a married woman is not sufficient to justify the conclusion that the debt for which the judgment was rendered was contracted during her coverture in any case in which she could bind the community property."

The judgments, writs of execution and reports of sale inserted in the forced sale deed mention only defendant Abelardo Hernández. It is not even said whether he was married, when it appears from the registry that he had been married twice and that it was while he was married that he acquired the properties levied on and sold to the appellant.

There is also the curable defect noted. Nothing in the deed shows that the municipal court acquired jurisdiction over the person of defendant Hernández. It is not known how the judgments were rendered, whether after trial or on default. The question is not new. In the case of *Vázquez* v. *Registrar*, 19 P.R.R. 1074, 1076, this court, through Mr. Justice Wolf, expressed itself as follows:

"Hitherto in the case of *Carbonell* v. *Registrar*, 16 P.R.R. 419, we decided, where a judgment was obtained by default and a sale made thereunder, that a registrar was justified in refusing a record of a deed where there was no showing of how the default was obtained. There the court took occasion to say that the notary could have shown what the judgment failed to do, namely, the manner in which such default was obtained.

"In the appeal before us, while not a case of a judgment by default, there is no showing of how the municipal court obtained jurisdiction to render judgment against the defendants, nor is there a copy of the judgment in the deed or anything to show that there was a trial, or that the defendants submitted. There is no presumption in favor of the judgments of municipal courts as they are not courts of record. *Golpin* v. *Page*, 98 Wallace, 365, 366; *Hahn* v.

*Kelly,* 34 Cal. 391; 94 Am. Dec., 742; *McDonald* v. *Prescott,* 90 Am. Dec. 517, 519. Where a judgment is obtained in a court of limited jurisdiction and a title is sought, as here, against all the world, the person seeking to record his title is bound to show, not only the execution sale, but that the marshal had the power to make such sale. Such showing does not flow, in the case of a municipal court, from the mere exhibition of the writ of execution, nor yet of the judgment, but the jurisdiction of the court to render such judgment must likewise be demonstrated. In other words, in the specific case before us it must be shown that jurisdiction was obtained over the persons of the defendants.

"In making a deed, therefore, from the marshal to the purchaser the notary should generally recite the judgment and show that the municipal court had jurisdiction to render it. The deed failing to show such jurisdiction the facts should be shown *aliunde* perhaps by a certificate from the secretary of the municipal court."

The decision appealed from must be affirmed.